**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

|  |  |  |
|---|---|---|
| **THERESA E. LAMB,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **CIVIL NO. 3:07CV789** |
| **MICHAEL J. ASTRUE,**
**Commissioner of Social Security,** | ) ) ) ) | |
| Defendant. | ) ) ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on cross-motions for summary judgment.[1] Plaintiff, Theresa E. Lamb, seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her applications for Social Security Disability (DIB) and Supplemental Security Income payments (SSI). The Commissioner's final decision is based on a finding by the Administrative Law Judge (ALJ) that Plaintiff was not disabled as defined by the Social Security Act (the Act) and applicable regulations.

For the reasons discussed below, it is the Court's recommendation that Plaintiff's motion for summary judgment (docket entry no. 10) and motion to remand (docket entry no. 12) be

---

[1] The administrative record in this case has been filed under seal, pursuant to Local Civil Rules 5 and 7(C). In accordance with these rules, the Court will endeavor to exclude any personal identifiers such as Plaintiff's social security number, the names of any minor children, dates of birth (except for year of birth), and any financial account numbers from its consideration of Plaintiff's arguments and will further restrict its discussion of Plaintiff's medical information to the extent necessary to properly analyze the case.

DENIED; that Defendant's motion for summary judgment (docket entry no. 16) be GRANTED; and that the final decision of the Commissioner be AFFIRMED.

## I. PROCEDURAL HISTORY

Plaintiff filed for DIB and SSI on April 8, 2005, claiming disability due to discs embedded in Plaintiff's spine and soft bone in both knees. (R. at 48-51, 69, 239-241.) Initially, the Plaintiff alleged that the disability's onset date was May 1, 2004. (R. at 48.) This date was amended to December 2, 2005 to coincide with Ms. Lamb's last date of employment. (R. at 63.) The Social Security Administration ("SSA") denied Plaintiff's claims initially and on reconsideration.[2] (R. at 40-42, 244-246.) Plaintiff requested a hearing and on May 17, 2007, accompanied by counsel, she testified before the ALJ. (R. at 253-280.) On June 29, 2007 the ALJ denied Plaintiff's application, finding that she was not disabled under the Act because she could perform her past relevant work as an assistant/receptionist and mail processor/data entry clerk. (R. at 24.) The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner subject to judicial review by this Court. (R. at 5-7.)

## II. QUESTION PRESENTED

Is the Commissioner's decision that Plaintiff is not entitled to benefits supported by substantial evidence on the record and the application of the correct legal standard?

---

[2] Initial and reconsideration reviews in Virginia are performed by an agency of the state government–the Disability Determination Services (DDS), a division of the Virginia Department of Rehabilitative Services–under arrangement with the SSA. 20 C.F.R. Part 404, Subpart Q; see also § 404.1503. Hearings before administrative law judges and subsequent proceedings are conducted by personnel of the federal SSA.

### III. STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, the Court is limited to determining whether the Commissioner's decision was supported by substantial evidence on the record and whether the proper legal standards were applied in evaluating the evidence. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is more than a scintilla, less than a preponderance, and is the kind of relevant evidence a reasonable mind could accept as adequate to support a conclusion. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971); Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In order to find whether substantial evidence exists, the Court is required to examine the record as a whole, but it may not "'undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary.'" Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). In considering the decision of the Commissioner based on the record as a whole, the Court must "'take into account whatever in the record fairly detracts from its weight.'" Breeden v. Weinberger, 493 F.2d 1002, 1007 (4th Cir. 1974) (quoting Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1951)). The Commissioner's findings as to any fact, if the findings are supported by substantial evidence, are conclusive and must be affirmed. Perales, 402 U.S. at 390. While the standard is high, if the ALJ's determination is not supported by substantial evidence on the record, or if the ALJ has made an error of law, the district court must reverse the decision. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

A sequential evaluation of a claimant's work and medical history is required in order to determine if a claimant is eligible for benefits. 20 C.F.R. §§ 416.920, 404.1520; Mastro, 270

3

F.3d at 177. The analysis is conducted for the Commissioner by the ALJ, and it is that process that a court must examine on appeal to determine whether the correct legal standards were applied, and whether the resulting decision of the Commissioner is supported by substantial evidence on the record.

The first step in the sequence is to determine whether the claimant was working at the time of the application and, if so, whether the work constituted "substantial gainful activity" (SGA).[3] 20 C.F.R. §§ 416.920(b), 404.1520(b). If a claimant's work constitutes SGA, the analysis ends and the claimant must be found "not disabled," regardless of any medical condition. Id. If the claimant establishes that she did not engage in SGA, the second step of the analysis requires her to prove that she has "a severe impairment . . . or combination of impairments which significantly limit[s] [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c); see also 20 C.F.R.404.1520(c). In order to qualify as a severe impairment that entitles one to benefits under the Act, it must cause more than a minimal effect on one's ability to function. 20 C.F.R. § 404.1520(c). At the third step, if the claimant has an impairment that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (listing of impairments) and lasts, or is expected to last, for twelve months or result in death, it constitutes a qualifying impairment and the analysis ends. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the impairment does not meet or equal a listed impairment, then the evaluation

---

[3] SGA is work that is both substantial and gainful as defined by the Agency in the C.F.R. Substantial work activity is "work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Taking care of oneself, performing household tasks or hobbies, therapy or school attendance, and the like, are not generally considered substantial gainful activities. 20 C.F.R. § 404.1572(c).

proceeds to the fourth step in which the ALJ is required to determine whether the claimant can return to her past relevant work[4] based on an assessment of the claimant's residual functional capacity (RFC)[5] and the "physical and mental demands of work [the claimant] has done in the past." 20 C.F.R. §§ 416.920(e), 404.1520(e). If such work can be performed, then benefits will not be awarded. Id. However, if the claimant cannot perform her past work, the burden shifts to the Commissioner at the fifth step to show that, considering the claimant's age, education, work experience, and RFC, the claimant is capable of performing other work that is available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(f), 404.1520(f); Powers v. Apfel, 207 F.3d 431, 436 (7th Cir. 2000) (citing Bowen v. Yuckert, 482 U.S. 137, 146, n.5 (1987)); Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The Commissioner can carry his burden in the final step with the testimony of a VE. When a VE is called to testify, the ALJ's function is to pose hypothetical questions that accurately represent the claimant's RFC based on all evidence on record and a fair description of all the claimant's impairments so that the VE can offer testimony about any jobs existing in the national economy that the claimant can perform. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Only when the hypothetical posed represents *all* of the claimant's substantiated impairments will the testimony of the VE be "relevant or

---

[4] Past relevant work is defined as SGA in the past fifteen years that lasted long enough for an individual to learn the basic job functions involved. 20 C.F.R. §§ 416.965(a), 404.1565(a).

[5] RFC is defined as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR-96-8p. When assessing the RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. Id. (footnote omitted).

helpful." Id. If the ALJ finds that the claimant is not capable of SGA, then the claimant is found to be disabled and is accordingly entitled to benefits. 20 C.F.R. §§ 416.920(f)(1), 404.1520(f)(1).

### IV. ANALYSIS

The ALJ found at step one that Plaintiff had not engaged in SGA since the alleged onset of her disability. (R. at 19.) At steps two and three, the ALJ found that Plaintiff had the severe impairment of degenerative facet and joint disease in the cervical and lumbar spine, osteopenia, and degenerative changes in the hips, but that this impairment did not meet or equal any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, as required for the award of benefits at that stage. (R. at 19-20.) The ALJ next determined that Plaintiff had the RFC "to perform light work that requires only occasional climbing, balancing, stooping, kneeling, crouching and crawling." (R. at 20.) Specifically, taking into account all of the evidence, the ALJ found that the Plaintiff may experience episodes of pain that may temporarily affect her ability to work, but that these incidents are infrequent and do not preclude the plaintiff's ability to work. (R. at 24.)

The ALJ then determined at step four of the analysis that Plaintiff could perform her past relevant work as an administrative assistant/receptionist and mail processor/data entry clerk because this work "does not require the performance of work-related activities precluded by her residual functional capacity." (R. at 24.) Because the ALJ determined that Plaintiff was capable of performing her past relevant work, it was unnecessary to shift the analysis to step five, where the Commissioner would have had the burden to show that, considering the claimant's age, education, work experience, and RFC, the claimant is capable of performing other work that is available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(f), 404.1520(f); Powers v. Apfel, 207 F.3d 431, 436 (7th Cir. 2000) (citing Bowen v. Yuckert, 482 U.S. 137, 146

n.5 (1987)); Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). Accordingly, the ALJ concluded that Plaintiff was not disabled and was employable such that she was not entitled to benefits. (R. at 24-25.)

Plaintiff moves for a finding that she is entitled to benefits as a matter of law, or in the alternative, she seeks reversal and remand for additional administrative proceedings. (Pl.'s Mot. for Summ. J.; Pl.'s Mot. to Remand.) In support of her position, Plaintiff argues that: (1) the ALJ erred by not giving the Plaintiff's treating physician's opinions controlling weight; and (2) that substantial evidence does not support the ALJ's conclusion that Plaintiff could return to her past relevant work. (Pl.'s Mem. in Supp. of Mot. for Summ. J. "Pl.'s Mem." at 5-6.) Defendant argues that the Commissioner's final decision is supported by substantial evidence and should be affirmed. (Def.'s Mot. for Summ. J. and Br. in Supp. Thereof "Def.'s Mem." at 10.)

**1.     Plaintiff contends that the ALJ erred by not affording the Plaintiff's treating physician's opinions controlling weight.**

Plaintiff contends that the ALJ did not assign proper weight to one of her treating physician's (Dr. Peebles) opinions, contending that that greater weight should have been given because "nothing in Dr. Peebles reports are inconsistent with other evidence. (Pl.'s Mem. at 6.) Specifically, the Plaintiff believes that more weight should be afforded to Dr. Peebles' opinion that the Plaintiff should limit her activity, with "no lifting, pulling or pushing greater than 10 pounds." (Pl.'s Mem. at 5-6.)

During the sequential analysis, when the ALJ determines whether the claimant has a medically-determinable severe impairment, or combination of impairments which would significantly limit the claimant's physical or mental ability to do basic work activities, the ALJ must analyze the claimant's medical records that are provided and any medical evidence

resulting from consultative examinations or medical expert evaluation that have been ordered. See 20 C.F.R. § 416.912(f). When the record contains a number of different medical opinions, including those from the Plaintiff's treating physicians, consultive examiners or other sources that are consistent with each other, then the ALJ makes a determination based on that evidence. See 20 C.F.R. § 416.927(c)(2). If, however, the medical opinions are inconsistent internally with each other, or other evidence, the ALJ must evaluate the opinions and assign them respective weight to properly analyze the evidence involved. 20 C.F.R. § 416.927(c)(2), (d). Under the applicable regulations and case law, a treating physician's opinion must be given controlling weight if it is well-supported by medically-acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. Craig, 76 F.3d at 590; 20 C.F.R. § 416.927(d)(2); SSR 96-2p. However, the regulations do not require that the ALJ accept opinions from a treating physician in every situation, e.g., when the physician opines on the issue of whether the claimant is disabled for purposes of employment (an issue reserved for the Commissioner), or when the physician's opinion is inconsistent with other evidence, or when it is not otherwise well supported. Jarrells v. Barnhart, No. 7:04-CV-00411, 2005 WL 1000255, at *4 (W.D. Va. Apr. 26, 2005). See 20 C.F.R. § 404.1527(d)(3)-(4), (e).

As stated in the Plaintiff's Memorandum, Dr. Peebles' medical opinion is consistent with the other medical opinions in the record, including those specifically discussed by the ALJ. (Pl.'s Mem. at 6.) Dr. Peebles opined that the Plaintiff suffered from osteoporosis, osteoarthritis and hypertension; an opinion that was acknowledged and accepted by the ALJ. (R. at 19-20, 173-80.) Accordingly, it was not necessary for the ALJ to assign respective weight to the different medical opinions, because all of the medical and supplemental evidence was consistent as to Plaintiff's current condition.

More specifically, the Plaintiff asserts that Dr. Peebles' opinion as to her ability to work should have been afforded controlling weight. As stated above, the ALJ was not required to accept Dr. Peebles' opinions about the Plaintiff's ability to work, because it is the responsibility of the ALJ to make that determination. See 20 C.F.R. § 416.927(e)(1). It should be noted, however, the ALJ did consider Dr. Peebles' recommendation, but found that it appeared to only be a temporary work limitation, that was not noted in any records of the Plaintiff's subsequent visits. (R. at 23.) The Record in this case supports that analysis, as Dr. Peebles himself signed a medical report which indicated that this particular limitation would only last six months from the date of onset. (R. at 169.) Finding that the ALJ appropriately considered all of the evidence in the record, and that assigning weight to the medical evidence was unnecessary in this case, the Plaintiff's claim that Dr. Peebles opinion should have been afforded controlling weight is without merit.

**2.     Plaintiff contends that substantial evidence does not support the ALJ's conclusion that Plaintiff could return to her past relevant work.**

Finally, Plaintiff asserts that the ALJ failed to properly substantiate his conclusion that the Plaintiff was limited to light work activity. (Pl.'s Mem. at 6.) Specifically, she contends that the ALJ simply made a conclusory statement without sufficient support and that the evidence supported a funding that the Plaintiff was limited to sedentary work. (Id.)

After step three of the ALJ's sequential analysis, but before deciding whether a claimant can perform past relevant work at step four, the ALJ must determine the claimant's RFC. 20 C.F.R. §§ 416.920(e)-(f), 416.945(5)(1). The RFC must incorporate impairments supported by the objective medical evidence in the record and those impairments that are based on the claimant's credible complaints. Here, giving some credence to the Plaintiff's subjective

complaints, the ALJ determined that the Plaintiff was "limited to light work activity not requiring more than occasional climbing, balancing, stooping, kneeling, crouching, and crawling." (R. at 24.) Based on this RFC determination, the ALJ found that Plaintiff could return to her past relevant work as an assistant/receptionist and mail processor/data entry clerk, thereby concluding his analysis and finding that Plaintiff was not disabled. (R. at 23-24.)

The record supports the ALJ's conclusion that Plaintiff is able to return to her past relevant work as an assistant/receptionist and mail processor/data entry clerk. The ALJ considered all of the evidence, and came to the conclusion that Plaintiff's testimony regarding the severity and intensity of her pain was less than credible. (R. at 22.) The ALJ conducted the proper Craig analysis in making that decision and based his determination on all of the medical opinions in the record. Particularly, the ALJ found that although the Plaintiff complained of episodes of severe back pain, there was only medical documentation as one incident to that effect and in her more recent doctors visits, Plaintiff was encouraged to get regular exercise. (R. at 23.) Additionally, the ALJ noted that all of the radiological tests taken since 2002 have not shown abnormalities that would cause the Plaintiff to have significant pain, and that medication (without hospitalizations or surgical procedures) has been sufficient to control any of the Plaintiff's pain. (R. at 23.) This analysis supports the ALJ's determination that Plaintiff is able to return to her past relevant work. Accordingly, the Court recommends a finding that there is substantial evidence to support the ALJ's conclusion that Plaintiff is able to return to her past relevant work, and therefore, is not disabled.

## V. CONCLUSION

Based on the foregoing analysis, it is the recommendation of this Court that Plaintiff's motion for summary judgment (docket entry no. 10) and motion to remand (docket entry no. 12)

be DENIED; that Defendant's motion for summary judgment (docket entry no. 16) be GRANTED; and, that the final decision of the Commissioner be AFFIRMED.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable Robert E. Payne and to all counsel of record.

### NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within ten (10) days after being served with a copy of this report may result in the waiver of any right to a <u>de novo</u> review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

/s/
DENNIS W. DOHNAL
UNITED STATES MAGISTRATE JUDGE

Date: September 11, 2008
Richmond, Virginia